UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM D. BENSON | CIVIL ACTION |
| VERSUS | |
| DIAMOND OFFSHORE DRILLING, INC. | NO. 00-591-JJB |

## SUPPLEMENTAL REASONS

In its Opinion dated August 26, 2011 (doc. 144), the Court found Plaintiff Benson's injuries were caused by the negligence of Defendant Diamond. Among the damages the Court found Plaintiff was entitled to recover was lost wages. The Court valued the amount of lost wages from the time of the accident (January 22, 1998) until Mr. Benson's date of maximum medical improvement (November 1, 2001) at $81,042. As for wages from November 1, 2001 onward, Judge Tyson awarded $32,056. As Mr. Benson died on April 27, 2006, the Court ordered the parties to recalculate this amount. Parties have submitted briefs on this issue as well as on prejudgment interest, with Defendant Diamond urging the Court to deny its award or in the alternative, to decrease the time period it should apply. (Doc. 145).

## LOST WAGES: November 1, 2001 - April 27, 2006

Diamond asserts the lost wages for this period should be set at $4,856.96. They arrive at this number by dividing the expected worklife period stated by Judge Tyson (33 years) by the amount of money awarded ($32,056) for a total of $971.39

per year. They then multiply that number by five, the approximate number of years before Mr. Benson's death. The Court notes that Defendant's rounded up to five years.

Plaintiff's amount is nearly twice that amount, $8,163.64. (Doc. 146). Plaintiff contends Judge Tyson mistakenly found Mr. Diamond's worklife expectancy was 33 years, which would have had him working until he was 76 years old (Mr. Benson was 43 at the time). Plaintiff points to their expert, Dr. Rice, who testified Mr. Benson's worklife expectancy was 17.58 years and that his *overall* life expectancy was 33 years. Plaintiff then proposes a calculation based on dividing the amount awarded by 17.58 years, coming to the $8,163.64 total.

The Court agrees with Plaintiff in finding Judge Tyson mistakenly used a worklife expectancy of 33 years when the testimony had been that the worklife expectancy was 17.58 years. Therefore, the Court sets the amount of lost wages between the period of November 1, 2001 and April 27, 2006 at $8,163.64.

## PREJUDGMENT INTEREST

Diamond asserts in its brief that the award of pre-judgment interest should be denied or, in the alternative, it should be limited to a period of 4.4 years. As the Court has already ordered prejudgment interest be paid, it will treat this as a motion to reconsider. Diamond recognizes that prejudgment interest in maritime cases is the rule rather than the exception and that it should be denied only when there are peculiar circumstances that would make it inequitable for the losing party to be

2

forced to pay it. (Doc. 145 at 3, citations omitted). Plaintiff supplements this by noting that prejudgment interest is awarded "to insure that an injured party is fully compensated for its loss" and that it is "not awarded as a penalty, it is merely an element of just compensation." (Doc. 146 at 2-3, citations omitted). While the Court notes it is unfortunate that 13 years have passed since the accident, it finds it is not inequitable to order Diamond to pay the interest for this period. In making this finding, the Court adopts Plaintiff's argument that (i) for them to be fully compensated, it ought to be awarded; (ii) it is not a punitive award and; (iii) Diamond has had full use of the money during this entire period. Therefore, Defendant's motion to reconsider the award of prejudgment interest is DENIED.

For the abovementioned reasons, Plaintiff's damages for lost wages between November 1, 2001 and April 27, 2006 will be set at $8,163.64. A final judgment will follow these Supplemental Reasons.

Baton Rouge, Louisiana, <u>September 27, 2011</u>.

_____
JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA
3

Case 3:00-cv-00591-JJB -CN   Document 147   09/28/11   Page 3 of 4

4